UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KE'AIRAH PARKER,

        Plaintiff,

    -v-                        5:21-CV-770

THE UTICA CENTER FOR
DEVELOPMENT, INC.
and VINCENT SCALISE,
Individually,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

## ORDER ON EMERGENCY MOTION

On July 6, 2021, plaintiff Ke'Airah Parker ("plaintiff") filed this civil rights action alleging that defendants The Utica Center for Development, Inc. ("The Center") and Vincent Scalise ("Scalise") discriminated against her, retaliated against her, and subjected her to a hostile work environment in violation of 42 U.S.C. § 1981 and related state law.

On March 11, 2022, plaintiff moved for emergency relief under Federal Rule of Civil Procedure ("Rule") 65. Dkt. No. 31.[1] In particular, plaintiff

---

[1] This matter was initially assigned to Senior U.S. District Judge Frederick J. Scullin. The matter was briefly reassigned to Senior U.S. District Judge Thomas J. McAvoy and then to Senior U.S. District Judge Lawrence E. Kahn before being assigned to this Court on March 14, 2022.

seeks a temporary restraining order ("TRO") and preliminary injunction that enjoins defendant Scalise from (a) contacting plaintiff's current employer; (b) creating, posting, or otherwise publishing any public threats to or about plaintiff; and (c) contacting plaintiff, either personally or through a third party.  Dkt. No. 31.

Upon review of plaintiff's memorandum of law and supporting documentation, it is

ORDERED that

1. Plaintiff's motion for a temporary restraining order is GRANTED;

2. Defendant Scalise, is temporarily ENJOINED and RESTRAINED from:

    (a) contacting plaintiff's current employer;

    (b) creating, posting, or otherwise publishing any public threats to or about plaintiff; and

    (c) having any contact with plaintiff, either directly or indirectly, whether through electronic means or otherwise.

3. Plaintiff shall serve defendants with (1) this Order; and (2) her motion for a restraining order and preliminary injunction and supporting exhibits no later than Tuesday, March 15, 2022 at 12:00 p.m.;

4. Defendants shall advise the Court if they oppose plaintiff's request for a preliminary injunction;

5.  If yes, defendants shall file and serve any submissions in opposition to plaintiff's motion for a preliminary injunction on or before Monday, March 28, 2022 at 12:00 p.m.;

6.  Plaintiff shall file a reply, if any, on or before Friday, April 1, 2022 at 12:00 p.m.; and

7.  Defendants shall SHOW CAUSE at an in-person oral argument to be held at 1:00 p.m. on Tuesday, April 5, 2022 at the United States Courthouse in Utica, New York why the TRO should not be converted to a preliminary injunction in accordance with Rule 65 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated:  March 14, 2022 at 2:30 p.m.
        Utica, New York.

David N. Hurd
U.S. District Judge